J. B. McPHERSON, District Judge.
The defendant’s points which were reserved at the trial are as follows:
“(1) Upon the contracts in evidence, the plaintiff has failed to show that he was entitled to receive a collection fee of 2%% upon the amounts collected by the defendant company between July 1, 1892, and March 23, 1899, on policies in force in the state of Ohio prior to 1887.
“(2) It appears from the testimony of the plaintiff himself that from 1892 until 1899 the plaintiff received accounts current from the defendant company, purporting to set forth with particularity and in detail the entire business upon which the plaintiff was entitled to receive compensation under the contracts In suit; that these accounts, upon their receipt, were examined by the plaintiff or his secretary, and the defendant was notified of certain items of objection, and that no claim was made by the plaintiff of a right to receive a collection fee of 2y2% on amounts collected by the defendant company on policies in force in the state of Ohio until some time in the year 1898.
*108 “The effect of the accounts rendered, in so far as unobjected to, was to establish an account stated between the parties; and the plaintiff cannot, in this action, recover.
“(8) It appears from the uncontradicted evidence that in the year '1895 the plaintiff brought suit against the defendant to recov.er certain items as to which he had made objection upon the accounts previously rendered. This suit was at issue and subsequently settled, the defendant paying to the plaintiff most of the items of claim. In this suit no claim .was made for the matters now in suit.
“The effect of the settlement thus made is to legally estop the plaintiff from recovering in this action.”
I do not think it necessary to do more than indicate briefly my conclusions upon the questions raised by the foregoing points. As I understand the contracts between the parties, the construction contended for by the plaintiff is correct. The agreement of May 25, 1892, provided that the plaintiff should continue to have the benefit of “all commissions, bonuses or other compensation to which said party of the second part [the present plaintiff] would or could be entitled to receive under the terms of said agreements, had they continued to transact business for the party of the first part [the present defendant] under the terms of said agreements.” At the time this contract was made, an agreement was in force, dated November ix, 1886, under which the plaintiff was entitled to a collection fee of 2^ per cent, upon all renewal premiums upon policies issued before the year 1887 in the state of Ohio, although not issued through his instrumentality; and, in my opinion, he continued to be entitled to this collection fee by virtue of the provision above quoted from the contract of May 25th.
Neither am I able to sustain the defendant’s position that the plaintiff is not entitled to recover this fee because accounts have been stated between himself and the defendant that do not include it. Even if these should be regarded as stated accounts, I should be strongly inclined to the opinion that the plaintiff’s apparent delay in calling the defendant’s attention to its failure to include the fee in the accounts had been satisfactorily explained. But I do not think these accounts belong to the class contemplated by the rule. Upon this point the excellent brief of plaintiff’s counsel seems to me to take a position that cannot be successfully assailed. I quote with approval the following passage:
“The general rule undoubtedly Is that where a seller renders an account to the buyer of goods sold and delivered to him, and the buyer does not object within a reasonable time to the correctness of the account, his conduct will be regarded as an admission of the items of which the account is made up. The reason for the rule is that the transaction is fully within the knowledge of the buyer. He knows what goods he has purchased, and if he receives the bill of the seller, and makes no objection after a reasonable time for examination, his conduct may fairly be regarded as an admission that the account rendered is correct, which may be given in evidence against him when he is called upon to pay for the goods, and will make a case against him prima facie. But is there any reason, either in law or justice, for the application of this rule to a case such as that of the defendant company, which is practically that of an accounting trustee? The reason on which the rule rests is not present here, for the plaintiff had no means within his knowledge of verifying the account, and had only before him such items as the defendant company chose to submit. His failure, therefore, to make any specific objection, is far more fairly referable to his want of knowledge than to any presumption of an agreement or an assent, to the correctness of the account. .
*109 “But is there any such rule as is contended for by the defendant? Is there any rule which will permit a debtor to limit his liability by simply omitting to charge himself with certain items in an extended and complicated account rendered to his creditor, without means of knowledge? Surely a creditor cannot be held to such vigilance in asserting his right, especially when the debtor has the means of information exclusively in his own possession, and gives only those items on which he admits his liability; no reference being made to those which may be disputed. Does not the rule that a debtor must seek his creditor rather put the obligation on the defendant company to duly notify plaintiff in the outset that such items are refused, and thus raise the question? The defendant was not entitled to thus arbitrarily wipe out plaintiff’s right, without notice, by simply ignoring the contract provisions for compensation on this class of collections.
“The rule, rather, is that, when an account rendered is not objected to within a reasonable time, the failure to object will be regarded as an admission of its correctness by the party charged. So the rule is stated by many authorities.
“And again, where a party indebted upon an account receives and retains it beyond such time as is reasonable under the circumstances, and according to the usage of business, for examining, and returns it without communicating any objections, he is considered to acquiesce in its correctness; that is, the party indebted becomes bound by it as an account stated. So the rule is stated in other decisions. If it be thus an account stated, the liability arises upon the implied promise to pay.
“But in this instance such a rule is invoked by the party charged—by the party indebted-—as against the plaintiff seeking to recover for moneys which the defendant company has received, and for which it has failed to account.”
Nor do I regard the plaintiff as estopped by the previous suit. That action was brought to recover certain specified items not including the collection fee now in dispute, and did not proceed to judgment, but was amicably settled by the parties. Such an adjustment did not prevent the plaintiff from bringing a subsequent action upon a claim not then sued upon, and not included in the settlement.
Judgment may be entered for the plaintiff upon the verdict.